**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 99-7456**

———————————

MARK STEVEN STANTON,

                              Petitioner - Appellant,

        versus

RANDELL LEE,

                              Respondent - Appellee.

———————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Graham C. Mullen, Chief District Judge.  (CA-99-763-2-MU)

———————————

Submitted:  July 13, 2000            Decided:  July 19, 2000

———————————

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Mark Steven Stanton, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Mark Steven Stanton filed an untimely notice of appeal from the district court's order dismissing his petition under 28 U.S.C.A. § 2254 (West 1994 & Supp. 2000) complaint. We dismiss for lack of jurisdiction. The time periods for filing notices of appeal are governed by Fed. R. App. P. 4. These periods are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Parties to civil actions are accorded thirty days within which to file in the district court notices of appeal from judgments or final orders. Fed. R. App. P. 4(a)(1). This appeal period may be extended under Fed. R. App. P. 4(a)(5) or reopened under Fed. R. App. P. 4(a)(6).

The district court entered its order on April 27, 1999;[*] Stanton's notice of appeal was filed on October 12, 1999, which was beyond the thirty-day appeal period. His failure to note a timely appeal or obtain an extension of the appeal period leaves this court without jurisdiction to consider the merits of his appeal. Accordingly, we deny a certificate of appealability, deny leave to

---

[*] Although the district court's order is marked as "filed" on April 23, 2000, the district court's records show that it was entered on the docket sheet on April 27, 2000. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, it is the date that the order was entered on the docket sheet that we take as the effective date of the district court's decision. See Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

proceed in forma pauperis, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

3